UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cynthia Smith, | ) | Civil Action No.: 4:16-cv-02320-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sam Carbis Solutions Group, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Cynthia Smith filed this action against her former employer, Defendant Sam Carbis Solutions Group, LLC, alleging she was terminated in violation of the Family Medical Leave Act[1] ("FMLA"). *See* Complaint [ECF No. 1]. Defendant filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of Plaintiff's state law claims for intentional infliction of emotional distress ("IIED") and wrongful discharge in violation of public policy. *See* ECF No. 5.

The matter is now before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) for the District of South Carolina. *See* R & R [ECF No. 18]. The Magistrate Judge recommends that the Court grant Defendant's partial motion to dismiss. R & R at 1, 8. Plaintiff has filed timely objections to the R & R. *See* Pl.'s Objs. [ECF No. 22]. Defendant has filed a reply to Plaintiff's objections. *See* ECF No. 24.

**Legal Standards**

**I.      Review of the R & R**

---

[1]      29 U.S.C. §§ 2601 through 2654.

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**II.     Rule 12(b)(6)**

When deciding a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the district court must accept all well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint must state a "'plausible claim for relief'" to survive a 12(b)(6) motion to dismiss. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The court will not dismiss the plaintiff's complaint so long as she provides adequate detail about her claims to show she has a "more-than-conceivable chance of success on the merits."

*Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## Discussion[2]

Plaintiff alleges she was subjected to a hostile work environment during her employment with Defendant from September 2008 to June 2015. Compl. at ¶¶ 3-5. She alleges she went on medical leave after suffering an emotional breakdown on May 19, 2015, initiated a workers' compensation claim on June 11, 2015, and was terminated on June 30, 2015. *Id.* at ¶¶ 4, 6, 10. She asserts five causes of action: (1) FMLA interference, (2) FMLA retaliation, (3) IIED, (4) retaliatory discharge for filing a workers' compensation claim, and (5) wrongful discharge in violation of public policy. *Id.* at ¶¶ 12-41.

Defendant moves to dismiss Plaintiff's state law claims for IIED and wrongful discharge. *See* ECF No. 5. The Magistrate Judge recommends granting Defendant's motion. R & R at 3-12. Plaintiff objects to the Magistrate Judge's recommendation. *See* Pl.' Objs. at 3-6.

**I.   IIED**

The Magistrate Judge recommends dismissing Plaintiff's IIED claim because she fails to state a plausible claim.[3] R & R at 6-7.

---

[2]   The R & R contains a thorough summary of Plaintiff's factual allegations and arguments opposing Defendant's motion to dismiss. *See* R & R at 1-3, 5-7, 9-10. The Court adopts and incorporates that summary by reference and repeats Plaintiff's allegations and arguments only to the extent necessary to address her objections.

[3]   As a threshold matter, the Magistrate Judge found Plaintiff alleged sufficient facts giving rise to an exception to the exclusivity provision of the South Carolina Workers' Compensation Act, namely the alter ego exception. R & R at 3-6 (finding it plausible that Shawn Mizell—Defendant's chief operating officer—was an alter ego). Defendant does not challenge this finding.

3

To state a claim for IIED, also known as the tort of outrage, the plaintiff must allege:

(1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct;

(2) **the conduct was so extreme and outrageous so as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community;**

(3) the actions of the defendant caused [the] plaintiff's emotional distress; and

(4) the emotional distress suffered by the plaintiff was severe such that no reasonable man could be expected to endure it.

*Argoe v. Three Rivers Behavioral Health, L.L.C.*, 392 S.C. 462, 475, 710 S.E.2d 67, 74 (2011) (internal quotation marks omitted) (emphasis added). The Magistrate Judge recommends finding Plaintiff has not adequately pleaded the second element—extreme and outrageous conduct. R & R at 6.

In her objections, Plaintiff relies on the Fourth Circuit's 2005 opinion in *Hatfill v. New York Times Co.*, 416 F.3d 320 (4th Cir. 2005), to support her argument that she has adequately pleaded extreme and outrageous conduct. Pl.'s Objs. at 3-4. The Court finds Plaintiff's reliance on *Hatfill* is flawed for two reasons. First, *Hatfill* involved an IIED claim brought under Virginia—not South Carolina—law. *See* 416 F.3d at 336. Second, and more significantly, *Hatfill* predates the current *Twombly/Iqbal* pleading standard.[4] *See Fuller v. Aliff*, 990 F. Supp. 2d 576, 581 (E.D. Va. 2013) ("[I]t is true that federal pleading standards apply in a diversity case—but *Hatfill* was decided prior to *Iqbal*

---

[4] In fact, *Hatfill* explicitly relies on the "no-set-of-facts" pleading standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *See Hatfill*, 416 F.3d at 329, 337. Plaintiff also cites the *Conley* pleading standard in her objections. *See* Pl.'s Objs. at 3. The Supreme Court in "*Twombly* retired the *Conley* no-set-of-facts test" and specified "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 670 (quoting *Twombly*, 550 U.S. at 570). *See also McCleary-Evans v. Md. DOT*, 780 F.3d 582, 587 (4th Cir. 2015) (recognizing "the *Twombly* Court explicitly overruled the earlier standard articulated in *Conley v. Gibson*").

and *Twombly*").

Regardless, the Court agrees with the Magistrate Judge that Plaintiff's complaint fails to state a plausible IIED claim. *See generally McCleary-Evans*, 780 F.3d at 585 (applying the *Twombly*/*Iqbal* pleading standard and emphasizing a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face" (alteration and internal quotation marks omitted)). Plaintiff alleges Shawn Mizell (Defendant's chief operating officer) and Leslie Antici (Defendant's human resources representative) verbally abused, harassed, and intimidated her. Compl. at ¶ 5(b). Plaintiff does not elaborate on the nature of the alleged verbal abuse, harassment, or intimidation. These allegations, on their face, do not state a plausible claim that Mizell's and Antici's "conduct was so extreme and outrageous so as to exceed all possible bounds of decency" such that it "must be regarded as atrocious, and utterly intolerable in a civilized community." *Argoe*, 392 S.C. at 475, 710 S.E.2d at 74; *see, e.g.*, *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 856-57 (D.S.C. 2015) (finding the plaintiff failed to state a plausible IIED claim because the plaintiff's allegations did "not rise to the level of extreme and outrageous conduct necessary to state a claim for IIED"). Thus, Plaintiff's allegations do not satisfy the *Twombly*/*Iqbal* pleading standard requiring a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Court must dismiss Plaintiff's IIED claim.

Plaintiff asserts she "should be allowed to amend the complaint to cure any defects in lack of specificity or to further explain Plaintiff's basis for her IIED claim." Pl.'s Objs. at 4. However, as Defendant notes in its reply, the deadline for filing motions to amend pleadings was November 14, 2016, *see* Consent Am. Sch. Order [ECF No. 16] at ¶ 2, and Plaintiff has not attempted to show good

cause for modifying that deadline. Besides the cursory request in her objections (which were filed December 2, 2016), Plaintiff has not filed a motion to amend, has not submitted an amended complaint, and has not otherwise explained how she would amend her IIED claim to adequately plead extreme and outrageous conduct. "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard [of Federal Rule of Civil Procedure 16(b)(4)] must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *see Pure Fishing, Inc. v. Normark Corp.*, No. 3:10-cv-02140-CMC, 2012 WL 3062683, at *1 (D.S.C. July 26, 2012) ([W]hen the deadline for amendment has passed, the moving party must first demonstrate good cause under Rule 16(b) before the [C]ourt will consider whether an amendment is proper under Rule 15(a)."). "Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking amendment." *RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015). Here, Plaintiff has not demonstrated the diligence required by Rule 16(b),[5] and therefore has not shown good cause justifying modification of the deadline for filing a motion to amend. The Court denies Plaintiff's request for leave to amend the complaint.

## II.     Wrongful Discharge in Violation of Public Policy

The Magistrate Judge recommends dismissing Plaintiff's wrongful discharge claim for two reasons: (1) Plaintiff has a remedy for retaliatory discharge under the FMLA and has in fact pleaded such a claim;[6] and (2) Plaintiff has not alleged a clear mandate of public policy violated by her termination. R & R at 8-12.

---

[5]     Plaintiff has only addressed Rule 15(a), *see* Pl.'s Objs. at 4, and has not addressed the threshold good cause standard of Rule 16(b).

[6]     As previously mentioned, Plaintiff pleads an FMLA retaliation claim as her second cause of action. *See* Compl. at ¶¶ 24-27.

Plaintiff objects to the Magistrate Judge's finding that she has not alleged a clear mandate of public policy violated by her termination. Pl.'s Objs. at 4-6. However, Plaintiff does ***not*** object to the Magistrate Judge's separate finding that she has a remedy for retaliatory discharge under the FMLA. *See* R & R at 8-9. Plaintiff's failure to specifically object to this proposed finding is sufficient grounds for adopting the Magistrate Judge's recommendation to dismiss the wrongful discharge claim. *See Diamond*, 416 F.3d at 315-16 (stating a district court need only review the R & R for clear error in the absence of specific written objections); *Camby*, 718 F.2d at 199-200 (stating that "[i]n the absence of objection," a district court need not give any explanation for adopting the magistrate judge's recommendation). Having found no clear error in the Magistrate Judge's proposed finding that Plaintiff has a remedy for retaliatory discharge under the FMLA (and that Plaintiff has in fact pleaded such a claim), *see* R & R at 8-9, the Court will adopt this finding and dismiss Plaintiff's state law claim for wrongful discharge.[7]

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R & R, and Plaintiff's objections. The Court has conducted a de novo review of those portions of the R &

---

[7] Although the Court need not reach the Magistrate Judge's additional finding that Plaintiff has not identified a clear mandate of public policy violated by her termination, *see* R & R at 9-12, the Court notes it has nonetheless reviewed this finding de novo in light of Plaintiff's objection. Having done so, the Court agrees with and adopts the Magistrate Judge's finding. *See Taghivand v. Rite Aid Corp.*, 411 S.C. 240, 248, 768 S.E.2d 385, 389 (2015) (stating the South Carolina Supreme Court has invoked the public policy exception in only two instances and "recognized no others"; emphasizing the need for judicial "restraint when undertaking the amorphous inquiry of what constitutes public policy"; and concluding "the public policy of this state finds expression in [the S.C. Supreme Court's] longstanding adherence to at-will employment [and] any exception to this doctrine, which is itself firmly rooted in the public policy of this state, should emanate from the General Assembly, and from [the S.C. Supreme Court] only when the legislature has not spoken"); *Garner v. Morrison Knudsen Corp.*, 318 S.C. 223, 226, 456 S.E.2d 907, 909 (1995) (stating novel issues involving the public policy exception "should not ordinarily be decided in ruling on a 12(b)(6) motion to dismiss"); *Bradley v. U.S. Foods, Inc.*, No. 4:14-cv-01772-RBH, 2015 WL 5158731, at *29 (D.S.C. Sept. 2, 2015) (citing *Taghivand* and declining to accept the plaintiff's argument that the public policy exception should be expanded to encompass a claim that an employee was discharged for avoiding a hostile work environment).

R to which Plaintiff specifically objects. For the reasons stated in this Order and in the R & R, the Court overrules Plaintiff's objections and adopts and incorporates the R & R [ECF No. 18] by reference. The Court **GRANTS** Defendant's partial motion to dismiss [ECF No. 5] and **DISMISSES** Plaintiff's third cause of action (intentional infliction of emotional distress) and fifth cause of action (wrongful discharge in violation of public policy) *with prejudice*. The Court recommits this case to the Magistrate Judge for further pretrial handling.

    **IT IS SO ORDERED.**

Florence, South Carolina                                            s/ R. Bryan Harwell
March 6, 2017                                                          R. Bryan Harwell
                                                                                         United States District Judge